An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ADRIENNE BLACKMORE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63715

**FILED**

MAY 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant Adrienne Blackmore's post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Blackmore contends that the district court erred by denying her habeas petition without conducting an evidentiary hearing. Blackmore claims that she "received ineffective assistance of counsel [1] by entering into a plea of attempted murder without recognizing that the elements required a specific intent to kill," and "[2] based upon the proportionality of her punishment as compared to" one of her two former codefendants. During arguments below, Blackmore claimed that she was entitled to a new sentencing hearing. We disagree.[1]

---

[1]Blackmore pleaded guilty to attempted murder and conspiracy to commit first-degree kidnapping; she was sentenced to serve consecutive prison terms of 8-20 and 2-5 years and ordered to pay $59,549.96 in restitution.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15321

When reviewing the district court's resolution of an ineffective-assistance claim, we give deference to the court's factual findings if they are supported by substantial evidence and not clearly wrong but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005). Here, the district court conducted a hearing and heard arguments from counsel before denying Blackmore's petition. The district court found, among other things, that "[b]ased on the evidence developed at the Grand Jury, it was reasonable for counsel to advise [Blackmore] that a jury could have found the intent necessary to convict [her] of the crime of attempted murder." The district court also found that Blackmore was aware of the potential sentencing consequences, that "[t]he sentences of her co-defendants are wholly irrelevant," and that she entered her guilty plea voluntarily. The district court determined that trial counsel was not deficient and that Blackmore failed to demonstrate prejudice. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Kirksey v. State*, 112 Nev. 980, 987, 923 P.2d 1102, 1107 (1996); *see also Cullen v. Pinholster*, 563 U.S. ___, ___, 131 S. Ct. 1388, 1408 (2011) ("Surmounting *Strickland*'s high bar is never an easy task." (quotation marks omitted) (alteration omitted)). We conclude that the district court's findings are supported by substantial evidence, *see Riley v. State*, 110 Nev. 638, 647, 878 P.2d 272, 278 (1994), and the district court did not err by rejecting Blackmore's claims without conducting an

evidentiary hearing, *see generally Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.      _____, J.
Douglas                          Cherry

cc:  Hon. Elizabeth Goff Gonzalez, District Judge
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk